FILED

2013 MAR -4 P 2: 56

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
N. DIST. OF CALIF.

1  Mark F. Anderson (SBN 44787)
2  Anderson, Ogilvie & Brewer LLP
   235 Montgomery Street
3  Suite 914
   San Francisco, CA 94104
4  Ph: (415) 651-1951
   Fax: (415) 500-8300
5  mark@aoblawyers.com

6  Attorneys for Plaintiffs Christina M. Sanchez and Gerardo Sanchez

7

8

9
                                                        *JCS*
10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA      **BY FAX**

12            C 13 - 0973

13  Christina M. Sanchez and Gerardo Sanchez,  )  Case No. CV13658XXXX
                                               )
14           Plaintiffs,                        )
                                                )  COMPLAINT
15       v.                                     )
                                                )  (Fair Credit Reporting Act
16                                              )  15 USC § 1681 et seq)
    Green Tree Servicing LLC; and              )
17  Experian Information Solutions, Inc.;      )
                                                )  DEMAND FOR JURY TRIAL
18                                              )
                                                )
19           Defendants.                        )
    _____)

20

21
                        **Preliminary Statement**
22

23       1.      This is an action for damages brought by Christina M. Sanchez and Gerardo Sanchez

24  against Green Tree Servicing LLC and Experian Information Solutions, Inc., for violations of the Fair

25  Credit Reporting Act, 15 USC §1681 *et seq*. (FCRA) and the California Consumer Credit Reporting

26  Agencies Act, Civil Code § 1785.25(a)-(c).

27  //

28

*Christina M. Sanchez v Green Tree Servicing LLC*, ND Case No.
Complaint and Jury Demand                                                    1

**The Parties**

2.     Plaintiffs Christina M. Sanchez and Gerardo Sanchez are husband and wife.

3.     Defendants Green Tree Servicing LLC and Experian Information Solutions, Inc. are business entities that regularly conduct business in this district. Green Tree Servicing LLC is a mortgage servicing company and Experian is a national credit reporting agency.

**Jurisdiction & Venue**

4.     The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p and supplemental jurisdiction over the California Civil Code claims pursuant to 15 USC § § 1367.

5.     The alleged violations arose in part in this district, which is where Plaintiffs reside.

**Description of the Case**

6.     Each of the defendants has been reporting derogatory and inaccurate statements and information relating to Plaintiffs and their credit history to third parties since May 2012.

7.     Plaintiffs formerly owned a single family residence in Oceanside, California, on which Bank of America held 1st and 2d deeds of trust to secure purchase money loans, which had originated with Countrywide Home Loans. The loan, which was a home equity line of credit with a limit of $105,800, was secured by a 2d deed of trust (the "HELOC").

8.     In January 2009, plaintiffs elected to sell the home on a short sale basis. On January 29, 2009, Bank of America agreed to a short sale of the property with a sale price of $374,000. The Bank agreed that it would release its 1st and 2d deeds of trust upon payment of the proceeds of the sale. The Bank also agreed that plaintiffs would not owe any deficiency on the loans after the short sale was consummated.

9.     The short sale transaction closed in February 2009. Bank of America received proceeds of $344,759 of which $3,000 was applied to the HELOC.

10.     From March 2009 to date, Bank of America has reported to the credit reporting agencies that the account was "Legally paid in full for less than the full balance" with no balance due.

11.     However, after the Bank sold the loan to defendant Green Tree Servicing LLC sometime prior to December 2011, Green Tree began reporting to the credit reporting agencies that $102,725 was past due on the account and that Green Tree had charged off the account.

12.     Green Tree's reporting was not accurate. Bank of America had agreed to accept the proceeds of the short sale in full payment of the amount due and had reported to the credit reporting agencies accordingly. The terms of the short sale did not change because Green Tree purchased the loan.

13.     In February 2012, plaintiff Christina Sanchez informed a Green Tree representative that its credit reporting was inaccurate. The representative said Green Tree would correct its reports to the credit reporting agencies and would close the account. However, Green Tree failed to correct its reports to the agencies or to close the account.

14.     In August 2012 Green Tree sent plaintiff a dunning letter demanding payment of $102,725 on the account. Upon receipt of the letter, plaintiff called Green Tree to explain the account should have been closed and Green Tree should not be reporting the account as past due to the credit reporting agencies.

15.     On October 26, 2012, plaintiff sent dispute letters to Equifax and Trans Union. On the same date, plaintiff sent an online dispute to defendant Experian. Equifax and Trans Union corrected their reporting of the account. However, to date, Experian has failed and refused to do so.

16.     On February 4, 2013, plaintiff disputed the account in a conversation with a Green Tree representative.

17.     Despite plaintiffs' efforts, defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to follow procedures that would correct the inaccurate information.

18.     Plaintiffs have applied for and been denied loans and extensions of credit based on defendants' credit reporting. In December 2012, plaintiffs attempted to obtain a loan from State Farm Bank and other lenders, but their applications were denied solely because of defendants' inaccurate credit reporting. In January 2013, plaintiffs attempted to buy a Honda minivan from Anderson Honda. The dealer said it could not obtain financing for the minivan because of defendants' report on the HELOC account.

19.     As a result of defendants' conduct, plaintiffs have suffered actual damages in the form of (a) lost credit opportunities, b) harm to credit reputation and credit score, and (c) emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration. Plaintiffs will continue to suffer the same for an indefinite time in the future, all to plaintiffs' great detriment and loss.

**First Claim: Violations of the Fair Credit Reporting Act—Against Experian**

20.     Plaintiffs incorporate by reference ¶¶ 1 through 19.

21.     The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(1) (A).

22.     In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

23.     Within the two years preceding the filing of this complaint, Plaintiffs notified Experian of an inaccuracy contained in its reports and asked it to correct the inaccuracy.

24.     Experian failed to conduct a reasonable reinvestigation of the inaccuracies that

*Christina M. Sanchez v Green Tree Servicing LLC*, ND Case No.
Complaint and Jury Demand                                                                                               4

1   plaintiffs disputed.

2       25.    Experian failed to review and consider all relevant information submitted by Plaintiffs.

3       26.    Experian failed to mark the account as disputed as required by the FCRA.

4       27.    Experian to employ and follow reasonable procedures to assure maximum possible

5   accuracy of Plaintiffs' credit reports, information and file in violation of 15 USC § 1681e(b).

6       28.    As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiffs

7   have sustained damages.

8       29.    Experian's violations of the FCRA were willful and therefore Plaintiffs are therefore

9
10  entitled to also seek statutory and punitive damages.

11  **Second Claim: Violations of the Fair Credit Reporting Act, 15 USC § 1681s-2(b) – Against**
    **Defendant Green Tree Servicing LLC**
12
13      30.    Plaintiffs incorporate by reference ¶¶ 1-29.

14      31.    The FCRA requires a furnisher such as Green Tree Servicing LLC, after receiving

15  notice from a credit reporting agency that a consumer disputes information that is being reported by a

16  furnisher, to conduct an investigation with respect to the disputed information, to review all relevant

17  information, to report the results of the investigation to the credit reporting agency, and, if the

18  investigation reveals that the information is incomplete or inaccurate, to report those results to all

19
20  other credit reporting agencies to which the furnisher has provided the inaccurate information.

21      32.    Within the last two years, defendant Green Tree Servicing LLC provided inaccurate

22  and misleading information to Experian.

23      33.    Within the past two years, Plaintiffs notified defendant Experian that the report

24  concerning the Green Tree Servicing LLC mortgage account was inaccurate.  Thereafter, Experian

25  notified Green Tree Servicing LLC that Plaintiffs were disputing the information it had furnished to

26  the credit reporting agencies.

27
28

34.   Green Tree Servicing LLC violated sections 1681n and 1681o by engaging in the

following conduct that violates 15 U.S.C. § 1681s-2(b):

   (a) willfully and negligently failing to conduct an investigation of the inaccurate information

      that Plaintiffs disputed;

   (b) willfully and negligently failed to review all relevant information concerning Plaintiffs'

      accounts;

   (c) willfully and negligently failing to report the results of investigations to Experian;

   (d) willfully and negligently failing to report the inaccurate status of the inaccurate

      information to Experian;

   (e) willfully and negligently failing to properly participate, investigate and comply with the

      reinvestigations that were conducted by Experian concerning the inaccurate information

      disputed by Plaintiffs;

   (f) willfully and negligently failing to provide Experian with the factual information and

      evidence Plaintiffs submitted to Green Tree Servicing LLC that proved that the

      information concerning Plaintiffs' credit reports was inaccurate;

   (g) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory

      credit, account and other information concerning Plaintiffs' account to Experian;

   (h) willfully and negligently failing to comply with the requirements imposed on furnishers

      of information pursuant to 15 USC § 1681s-s(b); and

35.   As a result of the above-described violations of § 1681s-2(b), plaintiffs have been

damaged.

**Third Claim: Violations of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 (a) – Against Green Tree Servicing LLC**

36.   Plaintiffs incorporate by reference ¶¶ 1-35.

37.   California Civil Code § 1785.25 (a) states that a "person shall not furnish information

*Christina M. Sanchez v Green Tree Servicing LLC*, ND Case No.
Complaint and Jury Demand                                                                 6

1  on a specific transaction or experience to any consumer credit reporting agency if the person knows

2  or should know the information is incomplete or inaccurate."

3  38.   California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a

4  credit reporting agency is not accurate or complete shall promptly notify the consumer reporting

5  agency of that determination and provide corrections to the consumer reporting agency that is

6  necessary to make the information complete and accurate.

7
8  39.   California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of

9  any information on a specific transaction or experience provided to a consumer reporting agency is

10 disputed by the consumer, the furnisher may not continue reporting the information unless it provides

11 a notice to the consumer reporting agency that the information is disputed by the consumer.

12 40.   Defendant Green Tree Servicing LLC negligently and willfully furnished information

13 to the credit reporting agencies it knew or should have known was inaccurate.

14 41.   Defendant Green Tree Servicing LLC failed to make corrections to the information it

15
16 was furnishing to Experian;

17 42.   Defendant Green Tree Servicing LLC failed to provide a notice to Experian that the

18 information it was providing was disputed.

19 43.   Based on these violations of Civil Code § 1785.25 (a), (b) & (c), Plaintiffs are entitled

20 to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and

21 suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than

22 $5,000, for each violation as the Court deems proper.

23
**PRAYER**
24
WHEREFORE, Plaintiffs pray for judgment as follows:
25
26  1.   Actual, statutory and punitive damages;

27  2.   Injunctive relief;

28  3.   Costs and attorney's fees; and

*Christina M. Sanchez v Green Tree Servicing LLC*, ND Case No.
Complaint and Jury Demand                                                    7

1      4.      Such other relief as the Court may deem proper.

2    Dated: February 27, 2013.

3                          ANDERSON, OGILVIE & BREWER LLP

4                          By
5                                  Mark F. Anderson
                                   Attorney for Plaintiffs
6
7                          DEMAND FOR JURY TRIAL

8      Plaintiffs demand a trial by jury on all issues.

9    Dated: February 27, 2013

10                         ANDERSON, OGILVIE & BREWER LLP

11                         By
12                                 Mark F. Anderson

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28